```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
In re:                                    E.D. Bankr. Case No.
                                          896-80189-478

RICHARD A. SMITH,                         MEMORANDUM & ORDER
                                          09-CV-2563 (JS)
                Debtor.
-------------------------------X
APPEARANCES:
For Appellants:    Thomas J. McGowan, Esq.
                   Meltzer, Lippe, Goldstein &
                   Breitstone, LLP
                   190 Willis Avenue
                   Mineola, New York 11501

Liberty Mutual     Carolyn K. Fiorello, Esq.
Insurance Company  Westermann, Hamilton, Sheehy, Aydelott &
                   Keenan, LLP
                   100 Quentin Roosevelt Boulevard, Suite 502
                   Garden City, NY 11530

Kenneth P.         Anthony C. Acampora, Esq.
Silverman          Silverman, Acampora LLP
                   100 Jericho Quadrangle, Suite 300
                   Jericho, NY 11753
```

SEYBERT, District Judge:

Pending before the Court is the appeal of Appellants, Richard A. Smith, the Debtor in the closed, underlying Chapter 7 case, and others (collectively, "Debtor") of the May 13, 2009 Order of Bankruptcy Judge Dorothy Eisenberg ("May 2009 Order"). The Order granted Liberty Mutual Insurance Company's ("Liberty") motion and (1) rejected Appellants' complaint against Liberty, other sureties, and the Trustee, Kenneth P. Silverman ("Trustee"), (2) removed the Complaint and its assigned Adversary Case Number 8-08-08295 from the Bankruptcy Court's Docket, and (3) declared the Complaint to be a nullity. For the reasons that follow, Judge

Eisenberg's Order is AFFIRMED.

## BACKGROUND[1]

On January 12, 1996, Debtor filed a petition seeking relief under Chapter 13 of the Bankruptcy Code. On July 11, 1996, the petition was converted to a Chapter 11 reorganization. On April 24, 1997, it was converted to a Chapter 7 liquidation. Kenneth P. Silverman, Esq. ("Silverman") was appointed the estate's Trustee on April 29, 1997. Silverman acted as the Chapter 7 Trustee until the final decree was issued on February 13, 2007.

In July 2008, Debtor filed a motion to reopen the case ("First Motion to Reopen"). In that attempt, Debtor sought to initiate an adversary proceeding against the Trustee's counsel for malpractice. Judge Eisenberg denied that motion on July 10, 2008, and held that Debtor lacked privity with the Trustee's counsel, and, therefore, could not sue counsel for malpractice. Debtor did not appeal that denial. Subsequently, on October 24, 2008, Debtor filed another motion to reopen in order to commence adversary proceedings against the Trustee and his bond ("Second Motion to Reopen"). Debtor alleged that the Trustee was negligent, and breached his fiduciary duty by failing to pursue and investigate certain claims, and that the insurance companies, Liberty Mutual Insurance Company, National Union Fire Insurance Company, and the Fireman's Fund Insurance Company ("Bondholders") who issued the

---

1   For a more comprehensive discussion of the underlying facts, see the Court's March 24, 2010 Order in In re Smith, 09-CV-1276, or the Court's February 12, 2009 Order in In re Smith, 09-CV-0508.

2

blanket bonds, failed to ensure the Trustee's faithful performance of his duties ("Underlying Claims"). Judge Eisenberg denied Debtor's Second Motion to Reopen on January 26, 2009, concluding that the estate would not benefit from allowing Debtor to reopen the bankruptcy case, since the proposed complaint "could not withstand a motion to dismiss." In re Smith, 400 B.R. 370, 381 (E.D.N.Y. Bankr. 2009). Furthermore, the Bankruptcy Court stated the "only reason offered by the Movants to reopen this case . . . is to examine into the acts of the Trustee in order to fish for evidence to support the Movants' unproven allegations of wrongdoing in spite of all the statutes having run." Id.

On the same date that Debtor filed the Second Motion to Reopen, about 20 months after the Chapter 7 case was closed, Debtor filed a complaint purportedly commencing an adversary proceeding against the Trustee, Liberty and several other sureties ("Complaint"). The Clerk of the Bankruptcy Court assigned the Complaint a new docket number, 8-08-08295. The Complaint recites that:

> [the proceeding is an] adversary proceeding under 11 U.S.C. Sections 105 and 322(d); New York law, and Federal Rules of Bankruptcy Procedure 2010, 6009 and 7001 . . .
>
> this Court has jurisdiction over this adversary proceeding under 28 U.S.C. Sections 1334(a) and (b); 28 U.S.C. Section 157 and the standing Order of the District Court in this District, referring all bankruptcy cases filed in this District and all matters arising in and under said cases, and related thereto, to the Bankruptcy Judges of this District, as this action arises in and under and/or relates

3

to, the Chapter 7 bankruptcy cases herein (No. 896-80189-478) of the Debtor Richard A. Smith (the "Debtor") . . . [and]

this adversary proceeding is a core proceeding under 28 U.S.C. [§] 157(b)(2)(A), (E) and (O).

On or about January 28, 2009, Debtor again moved the Bankruptcy Court with an emergency application to reopen the Debtor's case to prevent the statute of limitations from expiring on the claims against the Bondholders. The Bankruptcy Court denied the motion on February 5, 2009. Debtor then sought identical relief from this Court, but this Court denied Debtor's application, recognizing that the emergency application was nothing more than a demand to "hurry up" and reverse the Bankruptcy Court's January 26, 2009 order. In re Richard Smith, No. 09-CV-0508, 2009 U.S. Dist. LEXIS 10719, at *8 (E.D.N.Y. Feb. 12, 2009). On April 1, 2009 Debtor appealed the Bankruptcy Court's order denying their motion to reopen. On March 24, 2010, this Court affirmed.

On March 5, 2009, Liberty moved the Bankruptcy Court to dismiss the Complaint. In an Order dated May 13, 2009 ("May 2009 Order"), Judge Eisenberg granted Liberty's motion. The Order stated:

> Whereas, the complaint to commence the adversary proceeding, numbered 08-08295-dte, was filed notwithstanding the fact that the Debtor's bankruptcy case was closed, and Rule 5005(a)(1) of the Federal Rules of Bankruptcy Procedure states that complaints "shall be filed with the clerk of the district where the case under the Code is pending," and
>
> Whereas, that the Debtor's bankruptcy case was closed and not pending at the time the Debtor,

4

> Nelsi A. Smith and Carole Ann Caruso filed their complaint against Liberty, National Union Fire Insurance Company and the Trustee on October 24, 2008, and based upon the record made at the Hearing; it is hereby
>
> ORDERED, that Liberty's Motion is granted; and it is further
>
> ORDERED, that the Complaint filed by the Debtor, Nelsi A. Smith and Carole Ann Caruso on October 24, 2008, is a nullity having been filed in a closed case and without service and without authority of any court; and it is further
>
> ORDERED, that the Complaint is hereby stricken from the Court's docket.

Debtor now seeks to overturn the May 2009 Order.

## DISCUSSION

I. Appellants' Appeal Of The May 2009 Order

A. Standard Of Review

Federal district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. FED. R. BANKR. P. 8013. The Bankruptcy Court's "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." Id.; see also In re Momentum Mfg. Co., 25 F.3d 1132, 1136 (2d Cir. B.A.P. 1994); In re PCH Assocs., 949 F.2d 585, 597 (2d Cir. B.A.P. 1991). The Bankruptcy Court's legal conclusions are reviewed de novo. See In re Momentum Mfg. Co., 25 F.3d at 1136.

A district court may not vacate a bankruptcy court's order denying a debtor's motion to reopen unless there is a clear showing that the failure to reopen was an abuse of discretion. In

5

re Moyette, 231 B.R. 494, 497 (E.D.N.Y. 1999); see also In re Candelaria, 121 B.R. 140, 142 (E.D.N.Y. 1990); In re Cutter, No. 05-CV-5527, 2006 U.S. Dist. LEXIS 61242, at *10 (E.D.N.Y 2006). Specifically, the district court must find that the bankruptcy court abused its discretion in finding that the case should not be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).

> B. Appellants Motion, Though Differently Named, Was An Attempt To Circumvent Prior Orders And To Reopen The Underlying Chapter 7 Case

In this case Appellants' filing of the Complaint appears to be an ill-conceived attempt to circumvent the Bankruptcy Court's prior refusals to reopen the underlying Chapter 7 case. Appellants, in a misguided attempt to support their appeal, cite several cases that actually cut against their argument. Walnut Assocs. v. Sridel, 164 B.R. 487 (E.D. Pa. 1994) ("[w]here a bankruptcy case is closed and the estate no longer exists . . . the court is without jurisdiction to entertain any proceedings, irrespective of whether those proceedings are defined as 'core' or related 'non-core' proceedings."); see also In re Antonious, 373 B.R. 400 (Bankr. E.D. Pa. 2007) ("A bankruptcy court has no jurisdiction over a dispute filed after a case is closed[.]"); In re Otto, 311 B.R. 43 (Bankr. E.D. Pa. 2004) ("A bankruptcy court has no jurisdiction after a case is closed"); Ervin v. Equicredit of Am., No. 02-CV-0044, 2002 WL 1611495 (N.D. Miss. June 11, 2002) ("Because the [Debtors'] bankruptcy case has been closed, the court

6

finds there is no Section 1334(b) jurisdiction"). Thus, as the cited authority states, to consider Appellants' new allegations, the Bankruptcy Court would have necessarily needed to reopen the underlying Chapter 7 case.

Unfortunately for Appellants, the Bankruptcy Court and now this Court have denied Appellants' attempts to reopen the Chapter 7 case on multiple occasions, and Appellants cannot avoid these prior rulings by attempting to initiate new proceedings. The Bankruptcy Court was clearly authorized to dismiss Appellants' Complaint, as it was merely a poorly disguised attempt to reopen the Chapter 7 case. Thus, this Court reviews the May 2009 Order for an abuse of discretion. Because the Bankruptcy Court previously denied, through sound reasoning, Appellants' applications to reopen the case on multiple occasions, this Court finds that Judge Eisenberg's granting of Appellee's motion to dismiss was not an abuse of discretion. Accordingly, the Court AFFIRMS Judge Eisenberg's May 2009 Order in its entirety.

II. <u>Sanctions</u>

    A. <u>Rule 11</u>

Rule 11 requires that an attorney sign every pleading, written motion, and other paper filed with the courts. FED. R. CIV. P. 11(a). By doing so, the attorney certifies

> that to the best of [his or her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause

7

> unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

FED. R. CIV. P. 11(b). The 1993 Advisory Notes to subsections (b) and (c) state that the rule requires "litigants to 'stop and think' before initially making legal or factual contentions" and "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable." FED. R. CIV. P. 11 Advis. Comm. notes (1993 Amendments). Rule 11(c), empowers the court to impose "appropriate sanctions" for violations of Rule 11(b). FED. R. CIV. P. 11(c)(1). "When a court determines that Rule 11 sanctions are appropriate, it 'has significant discretion in determining what sanctions, if any, should be imposed for a violation.'" E. Gluck Corp. v. Rothenhaus, No. 08-CV-3466, 2008 WL 2944624, at *3 (S.D.N.Y. July 31, 2008) (quoting FED. R. CIV. P. 11 Advis. Comm. Note); see also Perez v. Posse Comitatus, 373 F.3d 321, 325 (2d Cir. 2004) ("[I]f the district court concludes that the assertion of a given claim

violates Rule 11 . . . the decision whether or not to impose sanctions is a matter for the court's discretion."). But any sanctions imposed "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Lipin v. Hunt, 573 F. Supp. 2d 836, 843-44 (S.D.N.Y. 2008) (quoting FED. R. CIV. P. 11(c)(4)); see also Margo v. Weiss, 213 F.3d 55, 65 (2d Cir. 2000) ("[T]he standard for triggering the award of fees under Rule 11 is objective unreasonableness.")

B. 28 U.S.C. § 1927

Although Rule 11 and 28 U.S.C. § 1927 share some similarities, Section 1927 differs in important ways. Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Courts in this circuit construe the statute "narrowly and with great caution, so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." Romeo v. Sherry, 308 F. Supp. 2d 128, 148 (E.D.N.Y.

9

2004) (quoting Mone v. C.I.R., 774 F.2d 570, 574 (2d Cir. 1985) (internal citations omitted)). The purpose of the statute is to deter dilatory tactics, unnecessary delays in litigation, and bad faith conduct by attorneys. Id. (citing United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO, 948 F.2d 1338, 1345 (2d Cir. 1991); Hudson Motors P'ship v. Crest Leasing Enters., Inc., 845 F. Supp. 969, 978 (E.D.N.Y. 1994); and Herrera v. Scully, 143 F.R.D. 545, 551-552 (S.D.N.Y. 1992)). Unlike the objective standard of Rule 11, Section 1927 "requires a clear showing of bad faith[.]" Novelty Textile Mills, Inc. v. Stern, 136 F.R.D. 63, 72-73 (S.D.N.Y. 1991); see also Int'l Bhd. of Teamsters, 948 F.2d at 1345 ("Bad faith is the touchstone of an award under this statute."); Hudson Motors, 845 F. Supp. at 978 (holding that "[w]ithout a demonstration of bad faith on the part of the attorney in question, sanctions pursuant to this statute are inappropriate.").

    C.   <u>Imposing Sanctions May Be Appropriate Here</u>

From this Court's reading of the record thus far, Appellants and their counsel appear to have engaged in conduct that may warrant sanctions pursuant to Rule 11 of the Federal Rules, 28 U.S.C. § 1927, or both. Appellants simply are not satisfied to allow the final Orders of this Court or those of the Bankruptcy Court to stand after <u>fourteen</u> long and tortured years of litigation. Moreover, it appears that some form of sanctions is necessary to prevent Appellants from further unreasonable and

vexatious multiplying of these proceedings. In short, some finality must come to this case, and Appellants must accept that the case has now come to an end.

Accordingly, Appellants are ORDERED TO SHOW CAUSE within 15 days of the entry of this Order, why the Court should not impose sanctions under Rule 11 and/or 28 U.S.C. § 1927. If Appellees wish to be heard on these issues, they are similarly directed to file their memoranda within 15 days of this Order's entry.

## CONCLUSION

For the foregoing reasons, Appellant's Motion is DENIED and the Bankruptcy Court's Order is AFFIRMED. The Clerk of the Court is directed to mark this matter CLOSED. If, at some later point, the Court finds it appropriate to impose sanctions or award costs or attorneys' fees to Appellees, the Court will enter an amended Judgment in Appellees' favor at that time.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   March  30 , 2009
         Central Islip, New York