```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
In re:                                E.D. Bankr. Case No.
                                      896-80189-478

RICHARD A. SMITH,                     MEMORANDUM & ORDER
                                      09-CV-2563 (JS)
              Debtor.
-------------------------------X
```

APPEARANCES:

For Appellants:      Thomas J. McGowan, Esq.
                     Meltzer, Lippe, Goldstein &
                     Breitstone, LLP
                     190 Willis Avenue
                     Mineola, New York 11501

Liberty Mutual       Carolyn K. Fiorello, Esq.
Insurance Company    Westermann, Hamilton, Sheehy, Aydelott &
                     Keenan, LLP
                     100 Quentin Roosevelt Boulevard, Suite 502
                     Garden City, NY 11530

Kenneth P.           Anthony C. Acampora, Esq.
Silverman            Silverman, Acampora LLP
                     100 Jericho Quadrangle, Suite 300
                     Jericho, NY 11753

SEYBERT, District Judge:

        This is the latest installment in a woefully protracted litigation. On March 30, 2010, the Court ordered Appellants to Show Cause why they should not be sanctioned under Federal Rule of Civil Procedure 11 and/or 28 U.S.C. § 1927 ("Section 1927") for pursuing a frivolous appeal. Pending before the Court is Appellants' response to the Order to Show Cause. Appellees Liberty Mutual Insurance Company ("Liberty") and Kenneth P. Silverman (the "Former Trustee") made submissions in support of sanctions; these filings are also under consideration. Although it is a close call,

the Court finds that sanctions are not warranted.

BACKGROUND

The Court assumes familiarity with the long and tortuous history of this litigation. For a more comprehensive discussion of the underlying facts, see the Court's March 24, 2010 Order in In re Smith, No. 09-CV-1276, or its February 12, 2009 Order in In re Smith, No. 09-CV-0508. The Court briefly sketches the facts required to give context to this Order.

Appellants, Richard A. Smith, the Debtor in the closed underlying Chapter 7 bankruptcy, and others, sought to bring an adversary proceeding related to the closed bankruptcy case. Appellants moved to re-open the bankruptcy case in October 2008 and, at about the same time, they filed an Adversary Complaint against the Former Trustee and Liberty. The Adversary Complaint asserted claims under Section 322(d) of the Bankruptcy Code ("Section 322(d)").

Because the underlying bankruptcy was a closed case, Appellants filed the Adversary Complaint under a new docket number. According to Appellants, they took this step to prevent the two-year statute of limitations on their Section 322(d) claims from expiring while they waited for the Bankruptcy Court's decision whether to re-open the main proceeding.

As is relevant to this Order, the litigation proceeded as

follows:

On January 26, 2009, the Bankruptcy Court denied Appellants' motion to re-open the bankruptcy case.

On March 5, 2009, Liberty filed a motion to dismiss the Adversary Complaint.

On March 26, 2009, Appellants appealed the Bankruptcy Court's order denying them permission to re-open the bankruptcy case.

On May 13, 2009, the Bankruptcy Court dismissed the Adversary Complaint.

On June 23, 2009, while their appeal of the Bankruptcy Court's refusal to re-open the bankruptcy case was pending before this Court, Appellants appealed the dismissal of the Adversary Complaint.

## DISCUSSION

I. Legal Standard for Sanctions

Below, the Court discusses Section 1927, Rule 11 and the degree of culpability required to trigger sanctions under each provision.

A. Section 1927

Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so

3

> multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Courts in this circuit construe the statute "narrowly and with great caution, so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." Romeo v. Sherry, 308 F. Supp. 2d 128, 148 (E.D.N.Y. 2004) (quoting Mone v. C.I.R., 774 F.2d 570, 574 (2d Cir. 1985) (internal citations omitted)). The purpose of the statute is to deter dilatory tactics, unnecessary delays in litigation, and bad faith conduct by attorneys. Id. (citing United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO, 948 F.2d 1338, 1345 (2d Cir. 1991); Hudson Motors P'ship v. Crest Leasing Enters., Inc., 845 F. Supp. 969, 978 (E.D.N.Y. 1994); and Herrera v. Scully, 143 F.R.D. 545, 551-552 (S.D.N.Y. 1992)).

B. Rule 11

Rule 11 requires that an attorney sign every pleading, written motion, and other paper filed with the courts. FED. R. CIV. P. 11(a). By doing so, the attorney certifies

> that to the best of [his or her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper

> purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

FED. R. CIV. P. 11(b). The 1993 Advisory Notes to subsections (b) and (c) state that the rule requires "litigants to 'stop and think' before initially making legal or factual contentions" and "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable." FED. R. CIV. P. 11 Advis. Comm. notes (1993 Amendments).

Rule 11(c), empowers the court to impose "appropriate sanctions" for violations of Rule 11(b). FED. R. CIV. P. 11(c)(1). "When a court determines that Rule 11 sanctions are appropriate, it 'has significant discretion in determining what sanctions, if any, should be imposed for a violation.'" E. Gluck Corp. v. Rothenhaus, No. 08-CV-3466, 2008 WL 2944624, at *3 (S.D.N.Y. July 31, 2008)

5

(quoting FED. R. CIV. P. 11 Advis. Comm. Note); see also Perez v. Posse Comitatus, 373 F.3d 321, 325 (2d Cir. 2004) ("[I]f the district court concludes that the assertion of a given claim violates Rule 11 . . . the decision whether or not to impose sanctions is a matter for the court's discretion."). But any sanctions imposed "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include non-monetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Lipin v. Hunt, 573 F. Supp. 2d 836, 843-44 (S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 11(c)(4)).

    C. <u>Degree of Culpability Required</u>

In the typical case, Section 1927 punishes bad faith and Rule 11 punishes objective unreasonableness. Where, however, a district court considers Rule 11 sanctions <u>sua sponte</u>, the test becomes one of bad faith. See In re Pennie & Edmonds LLP, 323 F.3d 86, 91(2d Cir. 2002). This is generally because when a court considers sanctions on its own, the offending party cannot avail itself of Rule 11's "safe harbor" and withdraw an unreasonable submission prior to judicial intervention. See id. The same

standard applies under Federal Rule of Bankruptcy Procedure 9011. See In re Negosh, No. 06-CV-5617, 2007 WL 2445158, at *7 (E.D.N.Y. 2007) (noting that Bankruptcy Rule 9011 "parallels" Federal Rule 11 and is informed by Federal Rule 11's jurisprudence). Accordingly, before the Court can impose sanctions under either Section 1927 or Rule 11, it must find that Appellants acted in subjective bad faith.

II. Sanctions are not Warranted

The Court finds that Appellants' arguments on appeal--including that the Bankruptcy Court lacked jurisdiction to strike the Adversary Complaint from its docket and that Liberty lacked standing to make its motion--were utterly devoid of merit, but it cannot state with certainty that Appellants acted in bad faith by pursuing this appeal.

The time-line of this case provides some perspective. At the point when Appellants appealed the Adversary Complaint's dismissal, their appeal of the Bankruptcy Court's refusal to re-open the Debtor's bankruptcy case was still pending. Although the latter appeal was ultimately rejected, Appellants did not know, when they filed this appeal, whether the Court would reverse the Bankruptcy Court's earlier decision and re-open the bankruptcy. And had Appellants not appealed the Adversary Complaint's dismissal, that order would have become final. See In re Smith,

426 B.R. 435, 439 (E.D.N.Y. 2010). From their perspective, then, Appellants faced a situation where the Debtor's bankruptcy case was re-opened but the dismissal of the Adversary Complaint was final for want of an appeal. In this scenario, Appellants might have believed that their efforts had been for naught: they would have successfully re-opened Debtor's case, but their Complaint would have been dismissed and they would have been barred from re-filing because the two-year statute of limitations would have expired.

In support of their appeal and in response to the Court's Order to Show Cause, Appellants cite an unpublished Fifth Circuit case holding that the two-year statute of limitations for Section 322(d) claims expired notwithstanding the debtor's filing, within the limitations period, of a motion to re-open that had the proposed adversary complaint attached. In re Double J. Operating Co., Inc., 98 Fed. Appx. 279, 280 (5th Cir. 2004) (unpublished). In a short opinion, the Fifth Circuit explained:

> Because we agree with the district court that the motion did not evidence an intention to file the attachment at the time the motion was filed, <u>a motion to reopen is not an administrative prerequisite to filing a § 322(d) case</u>, and no complaint was filed, we conclude that the limitations period has in fact expired in this case.

Id. (emphasis added). Appellants make much of the underscored language in defending both their decision to file the Adversary

8

Complaint and, by implication, their taking this appeal. (See App. OSC Resp. at 9.) In Appellants' view, this case stands for the propositions that (1) their motion to re-open did not stop the limitations period on their Section 322(d) claims from expiring; (2) they were permitted to file their Adversary Complaint before the underlying bankruptcy was re-opened; and (3) filing an Adversary Complaint under a separate docket was the preferred way to avoid having their Section 322(d) claims become time-barred while they waited to learn whether their motion to re-open would be granted. See id.

At this stage, the Court does not apply Double J. or evaluate whether Appellants' interpretation is a proper one. Throughout this litigation, this Court has not found Appellants' arguments the least bit persuasive and, frankly, sanctions are a close call. Nevertheless, in light of Double J., the Court stops short of finding that the appeal was taken in bad faith.

## CONCLUSION

For the foregoing reasons, the Court finds that Appellants' appeal does not warrant sanctions. The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Dated: January  21 , 2011          Joanna Seybert, U.S.D.J.
      Central Islip, New York